IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANNY LAMORE FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:21CV557 |
| FORSYTH COUNTY SHERIFF DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants C. Whitt, Billy Warren, Robinson, Bobby F. Kimbrough, and Rocky Joyner's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 16.) Plaintiff has filed a response to the motion to dismiss. (*See* Docket Entry 19.) For the reasons stated below, the Court will recommend that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 in July 2021 alleging constitutional violations against several named Defendants based on events occurring at the Forsyth County Law Enforcement Detention Center in Winston Salem, North Carolina, where he was held as a pretrial detainee. (*See generally* Complaint, Docket Entry 2.) Defendants named in Plaintiff's Complaint are the Forsyth County Sheriff's Department in its official capacity, and Sheriff Bobby F. Kimbrough, Chief Deputy Rocky Joyner, Director Robert E.

1

Slater, Director Richard Carleton, Captain C. Whitt, Captain Billy Warren, and Sergeant Robinson, each sued in both their individual and official capacities. (*Id.* at 3-5.)[1]

Specifically, Plaintiff alleges that Defendants created and enforced policies that allowed his incoming and outgoing mail to be searched, read, photocopied, and transmitted to third parties. (*See generally id.* at 17-25.) Photographs of Plaintiff's wife in her undergarments and intimate letters that contained legal information were included in the mail searched, read, photocopied and transmitted to third parties. (*Id.* at 24, 26.) According to Plaintiff, these third parties include investigating police officers and district attorneys, some of which are involved in his underlying criminal matter. (*Id.* at 9, 17, 19, 23.) Plaintiff alleges these events began in mid-February 2019 and have continued for over two years up to the filing of the Complaint. (*Id.* at 6, 17.) As a result of Defendants' actions of unlawful searches and seizures, Plaintiff claims that his relationship with his wife has suffered tremendously and his legal strategy has been threatened by the transmission of his mail to third parties. (*Id.* at 26.) Further, due to these events, Plaintiff claims that he experiences increased stress and anxiety which has taken a toll on his physical and mental capacities. (*Id.*) Plaintiff alleges that Defendants have violated the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, and seeks monetary damages from each Defendant. (*Id.* at 4, 27.)

On March 15, 2022, Defendants C. Whitt, Billy Warren, Robinson, Bobby F. Kimbrough, and Rocky Joyner moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) contending that Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

(Docket Entry 16.) Plaintiff filed his response to Defendants' motion. (Docket Entry 19.) In his response, Plaintiff concedes to dismissal of all claims except those in violation of the Fourth and Fourteenth Amendments. (*Id.* at 1-2.) In light of such, the undersigned will turn to the claims which Plaintiff contests.

## II. DISCUSSION

### A. Defendants C. Whitt, Billy Warren, Robinson, Bobby F. Kimbrough, and Rocky Joyner's Motion to Dismiss

Defendants C. Whitt, Billy Warren, Robinson, Bobby F. Kimbrough, and Rocky Joyner move to dismiss pursuant to Rule 12(b)(6). (Docket Entry 16.) In considering a motion to dismiss for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or

3

arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Pender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). "Liberal construction is particularly appropriate when a *pro se* complaint raises civil rights issues." *Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 680 (E.D.N.C. 2013) (emphasis in original); *see also Brown v. N.C. Dept. of Corr.*, 612 F. 3d 720, 722 (4th Cir. 2010).

Defendants first contend that Plaintiff has failed to state a claim against them under the Fourth Amendment for unreasonable search and seizure. (Docket Entry 17 at 9-11.) The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Given the realities of institutional confinement," a detainee's reasonable expectation of privacy would necessarily be "of a diminished scope." *Bell v. Wolfish*, 441 U.S. 520, 557 (1979). In the context here, Plaintiff has "no reasonable expectation of privacy to non-privileged mail." *Loiseau v. Norris*, No. 3:10CV870, 2011 WL 4102226, at *3 (E.D. Va. Sept. 14, 2011) (citation omitted), *aff'd*, 465 F. App'x 273 (4th Cir. 2012); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (holding that "prisoners have no legitimate expectation of privacy and that

4

the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells"). Thus, there is no Fourth Amendment violation in the opening and inspecting of Plaintiff's non-privileged mail.[2] *See Loiseau*, 2011 WL 4102226, at *2-3; *Villafana v. Clarke*, No. 3:17CV512, 2018 WL 1569489, at *4 (E.D. Va. Mar. 30, 2018) ("[A]n inmate's Fourth Amendment rights are not violated when mail is inspected and opened by jail officials."), *aff'd*, 738 F. App'x 252 (4th Cir. 2018); *Blaisdell v. Dep't of Pub. Safety*, No. CIV. 14-00433 JMS, 2014 WL 5581032, at *6 (D. Haw. Oct. 31, 2014) (unpublished) (citations omitted) ("An inmate has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. This applies equally to an inmate's incoming mail."); *Hall v. Chester*, No. 08-3235-SAC, 2008 WL 4657279, at *6 (D. Kan. Oct. 20, 2008) (citation omitted) ("Prison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail."). Nor is there a constitutional violation in the copying and the dissemination of non-privileged mail to prosecutors. *See Loiseau*, 2011 WL 4102226, at *2-3 (no Fourth Amendment violation for incoming mail that was opened by prison officials, copied, and sent to prosecutor); *Jeffries v. Williamson Cnty. Jail*, No. 3:18-CV-00228, 2018 WL 4778197, at *4 (M.D. Tenn. Oct. 2, 2018) (dismissing claims of the plaintiff's "outgoing [sealed] mail being opened, read, copied, and forwarded to the district attorney"); *Zink v. Cummings*, No. 2:17-CV-32, 2017 WL 2374508, at *3 (W.D. Mich. June 1, 2017) ("[P]rison

---

[2]Plaintiff does not allege the inspection, copying and dissemination of "legal" mail. (*See generally* Compl.) To be deemed legal mail, "the legal sender must be specifically identified[,] and the mail must be marked as confidential." *Tuck v. Stanbeck*, No. 3:14CV830-HEH, 2015 WL 5916182, at *3 (E.D. Va. Oct. 8, 2015) (unpublished) (internal quotations and citation omitted).

5

officials [do not] commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors."); *Frey v. Raisanen*, No. 2:14-CV-10192, 2014 WL 545794, at *3 (E.D. Mich. Feb. 11, 2014) (unpublished) ("[C]ourts have routinely held that prison officials do not commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors."); *see also Davenport v. Rodgers*, 626 F. App'x 636, 637 (7th Cir. 2015) (citation omitted) ("The Supreme Court long ago held that the Fourth Amendment does not prohibit the government, in implementing reasonable security measures in prisons, from seizing and using as evidence letters written voluntarily by a prisoner[,]" a "principle [that] applies to pretrial detainees as well."). Therefore, Plaintiff fails to allege a Fourth Amendment violation.[3]

Plaintiff's claim under the Fourteenth Amendment also fails. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any

---

[3] Plaintiff's civil action is also improper to the extent it challenges the validity of a possible conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) (interpreting "*Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a *potential* conviction on a pending criminal charge") (emphasis added); v*on Fox v. Charleston City Police Dep't*, No. 2:16-CV-98-RMG-MGB, 2016 WL 8677189, at *4 (D.S.C. Feb. 12, 2016) ("Plaintiff's present federal lawsuit appears to concern pending state criminal charges against him. Plaintiff's suit would appear to imply the invalidity of those pending state criminal charges, and thus, is not cognizable here. His lawsuit would also interfere with pending state criminal proceedings."), *report and recommendation adopted sub nom. Fox v. Charleston City Police Dep't*, No. CV 2:16-98-RMG, 2016 WL 927154 (D.S.C. Mar. 7, 2016), *dismissed sub nom. Fox v. South Carolina*, 668 F. App'x 442 (4th Cir. 2016).

person of life, liberty, or property, without due process of law." *Id.* Here, Plaintiff has not alleged that he was treated different than others similarly situated with discriminatory intent. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."); *Pronin v. Johnson*, 628 F. App'x 160, 164 (4th Cir. 2015) ("[A] valid claim for a violation of equal protection . . . must allege the requisite discriminatory intent with more than mere conclusory assertions."). Nor has he alleged that he was deprived of, or that he was actually prohibited from sending or receiving mail without having an opportunity to be heard. *See Hopkins v. Collins*, 548 F.2d 503, 504 (4th Cir. 1977) (setting forth due process requirements for the withholding of a prisoner's incoming mail which include "(1) appropriate notice; (2) a reasonable opportunity to challenge the initial determination; and (3) an ultimate decision by a disinterested party not privy to the initial censorship determination."). Therefore, Plaintiff's Complaint also fails to state a Fourteenth Amendment violation.

## B. Unserved Defendants

The record reflects that Defendants Forsyth County Sheriff's Department, Director Richard Carleton, and Director Robert E. Slater have not been served in this matter. (*See* Docket Entries 12, 13.)[4] Because Plaintiff is a detainee who is proceeding *in forma pauperis*, the Court has nevertheless reviewed the allegations against said unserved defendants, and finds dismissal is warranted for the reasons stated above related to Defendants C. Whitt, Billy

---

[4] A summons was issued for Director Richard Carleton (*see* Docket Entry 5 at 5), however the United States Marshal's attempt to serve said summons is unclear.

Case 1:21-cv-00557-NCT-JLW   Document 20   Filed 02/16/23   Page 7 of 8

Warren, Robinson, Bobby F. Kimbrough, and Rocky Joyner. *See* 28 U.S.C. 1915(e)(2); *Baber v. McNorton*, No. 7:20-CV-00700, 2022 WL 188187, at *4 (W.D. Va. Jan. 20, 2022) (unpublished) ("[D]ismissal applies to claims against the unserved . . . defendants, as well, because such claims suffer from the same defects.").[5]

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss (Docket Entry 16) be **GRANTED** and that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

February 16, 2023
Durham, North Carolina

---

[5] The undersigned also notes that the Forsyth County Sheriff's Department is not a person subject to suit under § 1983. *See Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (unpublished) (county sheriff's department "lacks legal capacity to be sued"); *Nasiri v. Orange Cnty. Sheriff's Off.*, No. 1:21CV541, 2021 WL 4690574, at *3 (M.D.N.C. Oct. 7, 2021) (unpublished) (same) (collecting cases).

8